**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FITNESS ANYWHERE LLC<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 21-cv-06476<br><br>**Judge Sharon Johnson Coleman**<br><br>**Magistrate Judge Beth W. Jantz** |

**Declaration of Michael Zuercher**

1

## DECLARATION OF MICHAEL ZUERCHER

I, Michael Zuercher, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. Since January 2019, I have been General Counsel for Fitness Anywhere LLC ("TRX" or "Plaintiff"). I am knowledgeable of or have access to business records concerning all information referenced herein, including, but not limited to, TRX's design patents, trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I make this declaration from matters within my own knowledge save where otherwise stated.

3. Plaintiff TRX is a limited liability company organized under the laws of the State of Delaware.

4. TRX is a leading provider of fitness-related technology, equipment, workout programs, and education courses. TRX is also the exclusive owner of the brand TRX®.

5. TRX designs, manufactures, and sells, among other things, resistance products, including various straps and ropes that are designed for body-weight resistance exercise (collectively, the "TRX Products").

6. TRX Products have become enormously popular among professional athletes and recreational fitness enthusiasts alike, driven by the TRX brand's arduous quality standards and innovative designs. Thousands of people at all fitness levels now train with TRX – from everyday people who want to feel and look their best, to some of the world's most elite athletes. TRX Products are used routinely by all four branches of the military and can

be found in the locker rooms of Major League Baseball teams, National Football League football teams, UFC fighters, and Olympic-level cyclists, swimmers and runners. Among the purchasing public, genuine TRX Products are instantly recognizable as such. In the United States and around the world, the TRX brand has come to symbolize high quality, and TRX Products are among the most recognizable pieces of fitness equipment in the world.

7. TRX Products are distributed and sold to consumers only through authorized selling channels, including the official trxtraining.com website, the official TRX eBay and Amazon stores, TRX authorized web affiliates, TRX authorized distributors, the TRX Training Center in San Francisco, California, and at tradeshows and industry events.

8. TRX Products are known for their distinctive patented designs. These designs are broadly recognized by consumers. Fitness equipment embodying these designs are associated with the quality and innovation that the public has come to expect from TRX Products. TRX uses these designs in connection with its TRX Products, including, but not limited to, the following patented design, herein referred to as the "TRX Design."

| Patent Number | Claim | Issue Date |
|---|---|---|
| D669,945 | FIG. 1<br>FIG. 2<br>FIG. 3<br>FIG. 4 FIG. 5 FIG. 6 FIG. 7 | October 30, 2012 |

9. TRX is the lawful assignee of all right, title, and interest in and to the TRX Design. The patent for the TRX Design was lawfully issued on October 30, 2012, with named inventors Stephanie Russo and Randal Hetrick. Attached hereto as **Exhibit 1** is a true and correct copy of the TRX Design.

10. I perform, supervise, and/or direct investigations related to Internet-based infringement for TRX, including investigations related to the infringement of the TRX Design. Our investigation shows that Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the same product, namely fitness equipment, that infringes directly and/or indirectly the TRX Design (the "Infringing Products"). I, or someone working under my direction, analyzed each of the e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases") and determined that Infringing Products were being offered for sale to residents of the United States, including Illinois residents. This conclusion was reached through visual inspection of the products listed for sale on each e-commerce store, the price at which the Infringing Products were offered for sale, other features commonly associated with e-commerce stores selling infringing products, and because TRX has not granted a license or any other form of permission to Defendants with respect to the TRX Design. In addition, each e-commerce store offered shipping to the United States, including Illinois. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 2**.

11. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping

---

[1] The e-commerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces.

5

to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Illinois.

12. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. TRX has not licensed or authorized Defendants to use the TRX Design, and none of the Defendants are authorized retailers of TRX Products.

13. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

14. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with

common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Infringing Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that Defendants are interrelated.

16. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

17. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of TRX's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to TRX.

18. Defendants are working in active concert to knowingly and wilfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from TRX, have jointly and severally, knowingly and

wilfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the TRX Design. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

19. Monetary damages cannot adequately compensate TRX for ongoing infringement because monetary damages fail to address the damage to TRX's control over its rights in the TRX Design, its reputation, associated goodwill, and ability to exploit the TRX Design. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to TRX's control over its rights in the TRX Design, its reputation, associated goodwill, and ability to exploit the TRX Design by acts of infringement.

20. TRX's goodwill and reputation are irreparably damaged by the making, using, offering for sale, selling, or importing of goods that infringe the TRX Design. Moreover, brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to TRX's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

21. TRX is further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the TRX Design because infringers take away TRX's ability to control the nature and quality of the Infringing Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the TRX Design and, in turn, loss of control over TRX's reputation is neither calculable nor precisely compensable.

22. The making, using, offering for sale, selling, or importing of goods featuring the TRX Design that are not authorized, produced, or manufactured by TRX is likely causing and will continue to cause consumer confusion, which weakens TRX's brand recognition and reputation. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine TRX Products, resulting in a loss or undermining of TRX's reputation and goodwill.

23. TRX is further irreparably damaged due to a loss of exclusivity. TRX Products are meant to be exclusive. TRX's extensive marketing efforts and innovative designs are aimed at growing and sustaining sales. When infringers make, use, offer for sale, sell, or import goods featuring the TRX Design without TRX's authorization, the exclusivity of TRX Products, as well as TRX's reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

24. TRX will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this the 19th day of November 2021 at Los Angeles, California.

DocuSigned by:

_____
Michael Zuercher